LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
AMENDED
CIVIL MINUTES – GENERAL

| Case No. | CV 13-07826 BRO (Ex) | Date | November 22, 2013 |
|---|---|---|---|
| Title | Paula Smith v. American Financial Group, Inc. et al. | | |

Present: The Honorable   **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                 Not Present

**Proceedings:**         (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

Paula Smith's Complaint is silent as to the amount of damages in contention. Defendant American Financial Group, Inc. removed this action pursuant to 28 U.S.C. §§ 1332 and 1441. The Court finds that Defendant American Financial Group, Inc. failed to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

### I.   FACTUAL BACKGROUND

On September 10, 2013, Paula Smith ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, against American Financial Group, Inc. ("Defendant"), and Does 1 to 50. (Dkt. No. 1 at 7; *see also* Compl.)  In her Complaint, Plaintiff alleges six separate causes of action generally relating to disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"). These causes of action include: (1) failure to engage in the interactive process; (2) failure to accommodate a disability; (3) failure to take reasonable steps to prevent discrimination; (4) retaliation; and, (5) wrongful termination . (*See* Compl.)

In essence, Plaintiff contends that Defendant discriminated against her after she suffered a work-related injury in October of 2010. Plaintiff was placed on a medical leave of absence in April of 2011, and released to return to work with certain restrictions in June of 2012. (Compl. ¶ 8.) Plaintiff informed her supervisor of her medical restrictions. (Compl. ¶ 8.) About a week later, on June 20, 2012, Plaintiff was told her "services

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-07826 BRO (Ex) | Date | November 22, 2013 |
|---|---|---|---|
| Title | Paula Smith v. American Financial Group, Inc. et al. | | |

would no longer be needed" and she received a formal letter of termination. (Compl. ¶ 11.)

Defendant removed the action to this Court on October 23, 2013. In its notice of removal, Defendant asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 at 3.) In its notice of removal, Defendant asserts that diversity jurisdiction is proper because Defendant both at the time the action was commenced and at the time of removal, was a citizen of the State of Ohio within the meaning of 28 U.S.C. § 1332(c)(1). (Dkt. No. 1 ¶ 10.) Defendant asserts that Plaintiff was, at the time off filing the Complaint, and still is, a resident and citizen of the State of California. (Dkt. No. 1 ¶ 8.) Defendant American Financial Group, Inc. must establish that it is more probable than not that the Plaintiff's claim exceeds the jurisdiction minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.* 95 F.3d 856, 860-61. The Court finds that there is a question as to whether the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## II. REMOVAL UNDER 28 U.S.C. § 1441

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.) Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint.[1]

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Because a defense is not part of a plaintiff's properly pleaded claim, *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not

---

[1] Although inapplicable in this case, 28 U.S.C. § 1443 provides another means for removing a state court action to a federal district court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07826 BRO (Ex) | Date | November 22, 2013 |
|---|---|---|---|
| Title | Paula Smith v. American Financial Group, Inc. et al. | | |

properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14.

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" the dispute is between "citizens of different states."[2] The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. As such, the removing party bears a heavy burden of establishing proper removal to and original jurisdiction in the district court in order to rebut the strong presumption against removal jurisdiction. *See id.*

It is readily apparent removal jurisdiction in this case could not possibly be based on federal question jurisdiction, as Plaintiff has alleged no federal causes of action. *See Franchise Tax Bd.*, 463 U.S. at 13; 28 U.S.C. 1331. Because Defendant demonstrates diversity of citizenship, the Court will address the other major requirement for jurisdiction based on 28 U.S.C. § 1332: the amount in controversy exceeding $75,000. The $75,000 amount is a jurisdictional requirement that cannot be waived. *See* 28 U.S.C. § 1332. Moreover, a federal court must determine whether subject matter jurisdiction properly lies even if there is no objection to a particular aspect of its jurisdiction. *See FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990).

In her Complaint, Plaintiff seeks monetary damages, but does not allege a specific dollar amount for which she claims Defendant is liable. (*See* Compl. at 13.) Where the amount in controversy is unclear or ambiguous from the face of the state court complaint, a removing defendant must prove by a preponderance of the evidence that the amount in controversy does in fact exceed the jurisdictional requirement. *Guglielmino v. McKee*

---

[2] Diversity of citizenship may be established on other grounds that are not relevant here. *See* 28 U.S.C. § 1332.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-07826 BRO (Ex) | Date | November 22, 2013 |
|---|---|---|---|
| Title | Paula Smith v. American Financial Group, Inc. et al. | | |

*Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Accordingly, to satisfy its burden, a defendant must prove that the amount in controversy more likely than not exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. 1332. In deciding whether a defendant has met its burden in proving this, a court may properly consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted). Nevertheless, conclusory allegations are insufficient in this analysis. *Id.* at 1090–91.

Defendant's allegations regarding the amount in controversy are conclusory. In its notice of removal, Defendant admits Plaintiff's Complaint is silent as to damages, but argues that "Plaintiff's Complaint seeks damages for lost income and employment benefits, emotional distress damages, punitive damages, attorneys' fees and costs, and prejudgment interest." (Dkt. No. 1 ¶¶ 14-15) Defendant argues that the Court "must presume the [P]laintiff will prevail on each and every one of her claims." (Dkt. No. 1 ¶¶ 14-15) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002)) . Defendant does not provide case law with analogous facts to demonstrate Plaintiff's damages would more likely than not exceed the jurisdictional minimum. In the Court's view, the bare allegations are insufficient to prove by a preponderance of the evidence that Plaintiff's claims meet the minimum amount, thus bringing them within the Court's original jurisdiction. *See Matheson*, 319 F.3d at 1090–91.

Therefore, Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded to the Superior Court of California, Los Angeles County, for lack of original jurisdiction. Specifically, the Court ORDERS Defendant to address the requirement of an amount in controversy exceeding $75,000 for an action to come within the Court's original jurisdiction under 28 U.S.C. § 1332. Defendant must respond no later than Friday, **December 6, 2013, at 4:00 p.m.** Failure to respond by this deadline will be deemed consent to remand the action to state court.

**IT IS SO ORDERED.**